23-6695
Chen v. Garland

BIA
A073 543 516

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of November, two thousand twenty-four.

PRESENT:
> JOHN M. WALKER, JR.,
> RICHARD C. WESLEY,
> SARAH A. L. MERRIAM,
> *Circuit Judges.*

_____

SHUN GUAN CHEN,
> *Petitioner,*

v.                                                                 **23-6695**
                                                                    **NAC**

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:                    Theodore N. Cox, Esq., New York, NY.

**FOR RESPONDENT:** Brian M. Boynton, Principal Deputy Assistant Attorney General; Daniel E. Goldman, Senior Litigation Counsel; Lindsay Corliss, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Shun Guan Chen, a native and citizen of the People's Republic of China, seeks review of a June 21, 2023, decision of the BIA denying his motion to reopen. *In re Shun Guan Chen*, No. A073 543 516 (B.I.A. June 21, 2023). We assume the parties' familiarity with the underlying facts and procedural history.

We review the BIA's denial of a motion to reopen for abuse of discretion, *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006), and country conditions determinations for substantial evidence, *Jian Hui Shao v. Mukasey*, 546 F.3d 138, 168–69 (2d Cir. 2008).

It is undisputed that Chen's motion to reopen was untimely and number-barred because he filed multiple prior motions, and this motion was filed approximately twenty-three years after his removal order. *See* 8 U.S.C. § 1229a(c)(7)(A) (allowing one motion to reopen), (C)(i) (90-day deadline for

motion to reopen); 8 C.F.R. § 1003.2(c)(2) (same). There is an exception to these time and number limits if the motion is filed to seek asylum "based on changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding." 8 U.S.C. § 1229a(c)(7)(C)(ii); *see also* 8 C.F.R. § 1003.2(c)(3)(ii).

Chen sought reopening to apply for asylum based on worsening persecution against Christians in China. "When reviewing whether . . . evidence established changed country conditions, the BIA must 'compare the evidence of country conditions submitted with the motion to those that existed at the time of the merits hearing below.'" *Tanusantoso v. Barr*, 962 F.3d 694, 698 (2d Cir. 2020) (quoting *In re S-Y-G-*, 24 I. & N. Dec. 247, 253 (B.I.A. 2007)). The BIA need not "expressly parse or refute on the record each individual argument or piece of evidence offered by the petitioner," so long as it has "has given reasoned consideration to the petition, and made adequate findings." *Wei Guang Wang v. BIA*, 437 F.3d 270, 275 (2d Cir. 2006) (quotation marks omitted).

Substantial evidence supports the BIA's conclusion that Chen failed to establish a material change in conditions in China. Chen claimed that there was

3

"escalating persecution of unregistered Protestants in his hometown Fujian Province." Certified Administrative Record ("CAR") at 17. But the BIA reasonably concluded that the country conditions evidence did not reflect a change. Chen submitted numerous sources, including a 2019 article reporting on the 1989 massacre of demonstrators in Tiananmen Square and how it "jolted Beijing into tightening its control over religion," and the 1998 State Department report on human rights in China, which provided that "[u]nregistered religious activity is illegal and is a punishable offense." CAR at 287, 107. The more recent evidence provided that under China's "sinicization" policy, "officials planned to extend further influence over religious affairs and activities of registered Protestant communities," and "[a]s in previous years, [unregistered] Protestant house churches continued to face raids during church gatherings." *Id.* at 141–42. As reflected in these and other sources in the record, the BIA did not err in concluding that Chen failed to establish a change in the persecution of Christians since 1998, given evidence of similar treatment such as the closing of churches and the detention of some church members and leaders. *See, e.g., id.* at 122, 127, 133, 178; *see also In re S-Y-G-*, 24 I. & N. Dec. at 257 ("Change that is incremental or incidental does not meet the regulatory requirements for late motions of this

4

type."). Because the BIA did not err in denying the motion as untimely and number-barred, we do not reach the alternative grounds for the denial of the motion. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court